UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRITT INTERACTIVE LLC, *et al.*, | ) |
|       Plaintiffs, | ) |
| vs. | ) Case No. 1:16-cv-2884-TWP-DML |
| A3 MEDIA LLC, *et al.*, | ) |
|       Defendants. | ) |
| vs. | ) |
| TOM BRITT, *et al.*, | ) |
|       Third Party Defendants. | ) |

## Order on Defendants' Requests for Sanctions and to Compel

In the course of discovery to prepare for a preliminary injunction hearing set for December 7, 2016, the Britt Parties and the Lucas Parties[1] accused each other of misconduct and requested sanctions. At that time, the court deferred consideration of their sanctions requests and allowed them to provide more input before ruling. The court required any party still seeking sanctions to file a new motion and supporting brief. Each side filed such a motion. This order rules on requests for sanctions and to compel filed by the Lucas Parties. Their requests are described in Dkts. 79/84 and supplemented by Dkt. 140, and concern three matters:

---

[1] The Britt Parties are Britt Interactive LLC, Townepost Network Inc., Tom Britt, and Jeanne Britt. The Lucas Parties are A3 Media LLC, Collective Publishing LLC, Yelena Lucas, and Neil Lucas.

1. The Britt Parties' conduct in connection with the depositions of Tom Britt and Jeanne Britt.

2. The Britt Parties' production of documents on November 18, 2016.

3. Alleged deficiencies in the Britt Parties' responses to written discovery.

The court addressees these in turn below.

<u>Depositions of Tom Britt and Jeanne Britt</u>

The parties agreed that the Lucas Parties would take the deposition of Tom Britt on Monday, November 21, 2016, beginning at 9:00 a.m., and Jeanne Britt immediately afterward. This schedule was designed to permit the Lucas Parties to complete both depositions that day. But Mr. Britt did not arrive to the deposition until approximately 1:00 p.m., and his counsel had not obtained an agreement from the Lucas Parties to delay the start of the deposition. Rather, Mr. Britt refused to come at 9:00 a.m. as agreed because the defendants' counsel had told Mr. Britt's counsel that he could not guarantee he would complete Mr. Britt's deposition. The court finds that the defense counsel's statement in advance of the deposition that he would not guarantee the deposition would be completed did not excuse Mr. Britt from arriving on time to the deposition as had been originally scheduled. Because he came late, the defendants were not able to complete their deposition of Jeanne Britt on that date and were forced to reschedule its completion.

The parties agreed Jeanne Britt would appear for her continued deposition on Tuesday, November 29, 2016, at 9:00 a.m. Mrs. Britt did not come to her deposition as scheduled. The evening before, her counsel notified the defendants'

counsel by email and a telephone message that he assumed that the defendants would want to postpone the deposition based on a recent court order setting certain deadlines the defendants had to meet. Mrs. Britt's counsel stated in his messages that Mrs. Britt would not come to her deposition as agreed unless the defendants' counsel confirmed it was still scheduled. The defendants' counsel did not receive these messages until the morning of the deposition. At that point, Mrs. Britt offered to arrive around lunchtime, but the defendants declined that offer.

The court determines that the Britts acted unreasonably in failing to abide by their agreements on the dates/times of their depositions. They were not justified in unilaterally altering the schedule, demanding a concession in exchange for maintaining an agreed schedule (Mr. Britt's), or demanding confirmation of a deposition when the defendants had done nothing to suggest it would not take place (Mrs. Britt's). The fact that the defendants still have not completed Mrs. Britt's deposition does not excuse the conduct.

Sanctions are appropriate and authorized by Rule 30(d)(2), which permits sanctions to be imposed on a person who impedes, delays, or frustrates the fair examination of a deponent. The court determines that an appropriate sanction is $1,000. It is imposed against the plaintiffs jointly and severally and in favor of the Lucas Parties.

<u>Britt Parties' Production of Documents on November 18</u>

The court is not persuaded that the method, timing, or content of the Britt Parties' production of documents or written responses to discovery on November 18,

2016, was wrongful in any way the Lucas Parties complain about or is deserving of sanctions. The production was timely. The production addressed the areas of discovery (and then some) that Judge Dinsmore earlier had ordered, an order that was not modified by this judge. Production by means of a link included in an email was reasonable under the circumstances. Both sides were on a fast track to search for and produce documents and it was not necessary for the Britt Parties to separate the documents into categories. The documents were gathered from electronic sources and were produced in electronic form which, under all the circumstances, is deemed in this case a production of the documents as kept in the ordinary course of business. Further, the Britt Parties demonstrated by their affidavits (Dkts. 173, 175, and 176) that they took seriously their discovery obligations and were diligent and thorough in searching for, gathering, and producing documents. The difficulties the defendants' counsel had in accessing the documents were of his own making. In addition, had he not waited until the eleventh hour even to attempt to review the documents, his difficulties would have been remedied much sooner than they were.

The court DENIES the Lucas Parties' request for sanctions based on the timing, manner, and content of the Britt Parties' document production on November 18.

Complaints about Written Discovery Responses

The Lucas Parties also complain about the Britt Parties' written responses. They contend the objections are not appropriate and the Britt Parties did not

provide "proper and complete substantive" responses to certain interrogatories and document requests. *See* Dkt. 140 at pp. 8-9. The court DENIES the Lucas Parties' motion to compel because they did not engage in good faith and meaningful discussions with the Britt Parties before seeking an order compelling discovery. *See* Fed. R. Civ. P. 37(a); Local Rule 37-1. Their renewed request to compel at Dkt. 140 lacks substantive information to assist the court in deciding whether the objections are appropriate or whether reasonable discovery was wrongfully withheld. There is no discussion about the nature of the Britt Parties' objections, but just a terse list of complaints by the Lucas Parties. There is no discussion about the importance of the requested information and whether relevant information has not been produced. The court will not resolve discovery disputes for a party who has not put in the necessary effort to work reasonably with opposing counsel and attempt to resolve the disputes without court intervention.

## **Conclusion**

The Lucas Parties' requests for sanctions are GRANTED IN PART AND DENIED IN PART. Their motion to compel is DENIED WITHOUT PREJUDICE.

The Britt Parties are sanctioned in the amount of $1,000.00 payable to the Lucas Parties. This amount may be set off against sanctions being awarded in favor of the Britt Parties and against the Lucas Parties.

So ORDERED.

Dated: 4/14/17

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

5

Distribution:

All ECF-registered counsel of record by email through the court's ECF system