UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRITT INTERACTIVE LLC, *et al.*, | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 1:16-cv-2884-TWP-DML |
| A3 MEDIA LLC, *et al.*, | ) |
| Defendants, | ) |
| vs. | ) |
| TOM BRITT, *et al.*, | ) |
| Third Party Defendants. | ) |

## Order on Britt Parties' Requests for Sanctions

In the course of discovery to prepare for a preliminary injunction hearing set for December 7, 2016, the Britt Parties and the Lucas Parties[1] accused each other of misconduct and requested sanctions. At that time, the court deferred consideration of their sanctions requests and allowed them to provide more input before ruling. The court required any party still seeking sanctions to file a new motion and supporting brief. Each side filed such a motion. This order rules on requests for sanctions filed by the Britt Parties. Their requests are described in Dkt. 83 and supplemented by the motion at Dkt. 138. They concern (1) the Lucas Parties'

---

[1] The Britt Parties are Britt Interactive LLC, Townepost Network Inc., Tom Britt, and Jeanne Britt. The Lucas Parties are A3 Media LLC, Collective Publishing LLC, Yelena Lucas, and Neil Lucas.

failure to comply with the court's order to produce certain documents by November 23, 2016, at 5:00 p.m. and (2) the defendants' failure to make Yelena Lucas and Neil Lucas available for depositions before the plaintiffs' deadline to file their reply brief in support of their motion for preliminary injunction.

After an October 23, 2016 entry of a Temporary Restraining Order by a state court judge, this case was removed by the defendants on October 24, 2016. About a week later, on November 1, 2016, the district court scheduled a hearing on the plaintiffs' motion for a preliminary injunction for December 7, 2016. In the ensuing week, Magistrate Judge Dinsmore held several conferences with the parties, including two days (on November 4 and November 10) spent with them in settlement conferences to attempt to reach agreements that would obviate the need for a preliminary injunction hearing. Magistrate Judge Dinsmore then recused himself, and the undersigned was assigned as the magistrate judge. On November 16, 2016, the undersigned held a hearing by telephone. The court addressed pending discovery issues and established a schedule for expedited discovery, briefing of the preliminary injunction motion, and other deadlines to allow a focused, informed, and organized presentation at the preliminary injunction hearing.

The court substantially limited the discovery that the Lucas Parties were required to provide on the preliminary injunction issues and on an expedited basis. The court required the expedited discovery (including a written response, documents, and privilege log) to be provided by the Lucas Parties to the plaintiffs no

later than 5:00 p.m. EST on November 23, 2016. The court did not dictate dates for depositions of Mr. and Mrs. Britt and Mr. and Mrs. Lucas because the parties were capable of agreeing to these dates on their own.

The Lucas Parties did not comply with their obligation to produce documents by November 23, 2016, at 5:00 p.m. They have no valid excuse for that failure. They simply did not do the necessary work to comply. Their failure caused many problems, forcing the plaintiffs and the court to attempt to revise the schedule to give the plaintiffs a fair opportunity to support their request for a preliminary injunction and to ensure that both sides' required filings were made sufficiently in advance of the preliminary injunction hearing so that the court could be prepared for that hearing. The plaintiffs' reply brief in support of their preliminary injunction motion was due November 29, 2016, but by that date the Lucas Parties still had not responded to discovery, produced any documents, or produced any witnesses for deposition. The Lucas Parties finally produced some documents at midnight on November 30, 2016, a final deadline provided by the court in its order dated November 30, 2016. That order also required the Lucas Parties to produce Mr. and Mrs. Lucas for depositions at the dates and times previously agreed to by the parties. Two days later, the parties reached an agreement to resolve the plaintiffs' motion for preliminary injunction.

Because the parties reached an agreed preliminary injunction, the Britt Parties were not, in the end, substantively prejudiced by the Lucas Parties' failures to timely produce documents and to provide witnesses for depositions in advance of

3

the preliminary injunction hearing. But they were prejudiced by the need to file a motion seeking compliance with the court's orders and to respond to motions by the Lucas Parties seeking to postpone the preliminary injunction hearing and the discovery and briefing obligations that went with it.

The court finds that sanctions against the Lucas Parties are appropriate for the failure to comply with the court's order directing them to provide certain limited discovery by November 23. *See* Rule 37(b) (addressing range of sanctions available to court when discovery order is disobeyed). They must reimburse the Britt Parties for their reasonable attorneys' fees incurred in (1) filing their motion to compel discovery at Dkt. 83 and for sanctions at Dkt. 138 and (2) communicating with the plaintiffs after November 23, at 5:00 p.m., to obtain the documents that were supposed to have been produced by that time and to re-schedule the Lucases' depositions because of the belated production. Within 10 days of the entry of this order, the Britt Parties must make a demand on the Lucas Parties for these fees and must provide sufficient backup materials (such as diary entries, which may be redacted to the extent reasonably necessary) proving the attorney time spent on these matters. If, within 10 days thereafter, the Lucas Parties have not agreed to pay the demanded fees, then the Britt Parties may file a petition for the court to award them. Briefing of the petition is governed by Local Rule 7-1.

## Conclusion

The Britt Parties' motion for sanctions, at Dkt. 83 and supplemented at Dkt. 138, in connection with the Lucas Parties' failure to produce the required

documents by November 23 and to make the Lucases available for deposition is GRANTED as provided in this order.

So ORDERED.

Dated: 4/14/17

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:
All ECF-registered counsel of record by email through the court's ECF system