UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRITT INTERACTIVE LLC, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. 1:16-cv-2884-TWP-DML |
| A3 MEDIA LLC, *et al.*, | ) ) ) |
| Defendants. | ) |
| vs. | ) ) |
| TOM BRITT, *et al.*, | ) ) |
| Third Party Defendants. | ) |

## Order on Plaintiffs' Motion to Compel

The plaintiffs' motion to compel (Dkt. 130) contends that the Lucas Parties[1] did not fully and appropriately answer the plaintiffs' discovery requests and have not produced all responsive documents. The Lucas Parties were also late in serving their discovery responses. The plaintiffs seek an order compelling responses and awarding sanctions. The court agrees that the Lucas Parties' responses to discovery are woefully deficient and that sanctions are warranted.

## Background

On November 16, 2016, the undersigned magistrate judge held a hearing by telephone, addressed pending discovery issues, and established a schedule for

---

[1] The Lucas Parties are A3 Media LLC, Collective Publishing LLC, Yelena Lucas, and Neil Lucas.

expedited discovery and briefing in advance of a preliminary injunction hearing set for December 7, 2016. The court allowed the Lucas Parties to seek an extension of time to answer discovery requests served by the plaintiffs, except for one discovery request (document request 8, as limited temporally) for which the court required an expedited response for purposes of the scheduled preliminary injunction hearing. The Lucas Parties' original response deadline (without any expedited discovery) was November 25, 2016. They sought an extension until December 23, 2016 (Dkt. 97), and the court granted their motion. On December 23, 2016, they sought an extension until December 29 (Dkt. 108), and the court granted their motion. On December 29, the Lucas Parties sought another extension of time, until January 2, 2017. (Dkt. 110). The court granted that extension, but also warned the Lucas Parties that their motions for extensions had repeatedly failed to comply with Local Rule 6-1(a)(4) and that any future motions that failed to comply with the Rule would be denied. In particular, they had failed to comply with the requirement of seeking the plaintiffs' position on the request and reporting it to the court.

    On January 3, 2017 (after the extended deadline), the Lucas Parties sought yet another extension. Their motion did not comply with Local Rule 6-1(a)(4). Their counsel explained that serious and sudden health difficulties had interfered with his ability to provide timely discovery responses. The court denied the motion because counsel had no good excuse for not complying with the Local Rule; his health difficulties had not prevented him from seeking an extension, and he easily could have determined the plaintiffs' position and included a statement about the

plaintiffs' position in the motion.[2] About a week later, the Lucas Parties filed a new motion for an extension of time after they had conferred with the plaintiffs about any objection to the motion. The court granted that motion, and extended the deadline to January 16, 2017. The court stated, however, that its granting of the latest motion did not absolve the Lucas Parties from possible sanctions because of their earlier failures to provide timely responses to the discovery requests. The Lucas Parties then even missed the January 16 deadline. They finally served responses on January 17.[3]

## Analysis

A. The Lucas Parties' discovery "efforts" and <u>responses warrant sanctions.</u>

The Lucas Parties' responses, while artificially inflated to hundreds of pages, are deficient in numerous respects the court will address more specifically below. Moreover, the Lucas Parties did not produce a single new document beyond those produced on an expedited basis on November 30, 2016. It is obvious that they put almost no effort into providing their written discovery responses. Their written responses consist mostly of copying and pasting portions of their answer/counterclaim or their response to the plaintiffs' motion for preliminary

---

[2] Counsel later stated that his assistant had contacted the plaintiffs' counsel regarding their position before the Lucas Parties filed their motion. That statement is not credible.

[3] They attempt to excuse their lateness because the court was closed on January 16 in honor of Martin Luther King, Jr. But the discovery responses were not to be filed with the court, and the Lucas Parties specifically had requested until January 16 to serve their discovery responses. They did not seek and were not granted an extension to January 17.

injunction.  Because of the extensive copy-and-paste answer method, in which virtually the same answer was provided for numerous requests, each of the Lucas Parties provided a virtually identical 290-document as its, her, or his written discovery response.  That "method" is itself abusive.  When parties represented by the same counsel give the same answer to the same discovery request, they should alert the recipient that the answers are the same so that no one has to make line-by-line comparisons to determine whether anything is different.  Likewise, when a party gives the same answer to different discovery requests, it should alert the recipient that the answer is a duplicate of a previous answer.  There was no reason, other than abuse and obfuscation, for the Lucas Parties each to deliver a 290-page document.

In addition to the flaws in the written responses, the Lucas Parties' document production effort was non-existent. Their court-ordered affidavits (at Dkts. 177-1 through 177-4) detailing their discovery efforts reveal that the Lucas Parties and their lawyer did absolutely nothing to search for documents in responding to the discovery. They decided, instead, that the document search and production efforts undertaken by them early in the case and in answering the *one* document request (Request 8) the court ordered them to respond to on an expedited basis by November 23, 2016, constituted all they needed to do.  Further, it appears that the Lucases themselves never even read the discovery requests, though their counsel put them in complete charge of searching for documents and deciding what to produce.  Their affidavits say that they gathered documents in connection with (a)

4

preparing their counterclaim/third party complaint (filed November 17, 2016), (b) preparing their response to the plaintiffs' preliminary injunction motion (filed November 29, 2016), and (c) answering modified Document Request 8 (served November 30, 2016). *See* the explanation about the gathering of documents described in paragraphs 1 and 8 of the declarations. It was *after* these dates that the Lucas Parties sought their first extension of time (Dkt. 97, filed December 2, 2016) to respond to the plaintiffs' discovery requests because they needed more time to respond. But the Lucas Parties did not even look for documents after obtaining several extensions.

That the Lucas Parties sought serial extensions of time and then made no further efforts to gather responsive documents and served the type of responses they gave is completely unacceptable and demonstrates bad faith. In essence, their responses consisted of nothing more than telling the plaintiffs to go read about the Lucas Parties' side of the story in their answer/counterclaim and in their response to the preliminary injunction request and by asserting that they had already provided their documents.

The Lucas Parties' behavior deserves sanctions.[4] They are required to pay all attorney fees reasonably incurred by the plaintiffs in (a) communicating with the Lucas Parties about their responses (including obtaining them, reading or

---

[4] Evasive or incomplete discovery responses must be treated as a failure to disclose, answer, or respond. Rule 37(a)(4). Sanctions may be imposed when a party fails to serve its answers, objections, or written response to Rule 33 interrogatories or Rule 34 document requests. *See* Rule 37(d)(1)(A)(ii).

responding to requests for additional time, and communicating regarding deficiencies) and (b) filing and briefing their motion to compel at Dkt. 130.

They are also required to supplement some of their answers and to start fresh in reviewing the plaintiffs' document requests and conducting a thorough search for all responsive documents. The court will allow them another opportunity to comply in good faith with the rules of discovery. Should the Lucas Parties continue to shirk their obligations, the court will entertain a motion for default judgment.

B. <u>The court will provide guidance on certain requests.</u>

The court now addresses specifically the interrogatories and document requests.

1. Interrogatories

The court has carefully reviewed the interrogatories, the Lucas Parties' answers to them, and the parties' briefing about them. The court makes the following observations and orders regarding the interrogatories.

<u>Interrogatories 1, 2, 3, 4, and 6.</u> The answers to these interrogatories are materially identical. The questions are broadly written (and some seek the same information). They essentially ask the Lucas Parties to set out their theory of the case and the facts and witnesses important to the case. These questions invited the type of meandering narrative response provided by the Lucas Parties. The court determines that the answers provided by the Lucas Parties adequately respond to

the questions asked. In essence, the problems here are not with the answers but with the questions.

Interrogatory 5. This interrogatory seeks information about any damages sought by the Lucas Parties. The Lucas Parties evaded the question. They must supplement their answer by providing the information requested. Their supplemental answer must be served within 21 days.

Interrogatory 7. This interrogatory seeks information about all communications each Lucas Party had with any other person regarding claims or defenses. The Lucas Parties evaded the question and inappropriately asserted privilege objections *except* as to communications between them or between them or their counsel.[5] Their relevance objection is absurd, and is overruled. They must provide a full and complete answer to Interrogatory 7, except they are not required to answer as to communications between Mr. and Mrs. Lucas or between either (or both) of the Lucases and their counsel (assuming no third parties were participants in the communications). They are required to provide the requested information as to communications with anyone else. Their supplemental answer must be served within 21 days.

Interrogatory 8. The answer provided to this interrogatory, which requested identification of each person providing information used in answering the interrogatories, is sufficient.

---

[5] Communications with counsel are protected by the attorney-client privilege. Communications between Mr. and Mrs. Lucas fall within a common interest privilege and perhaps a marital privilege, depending upon the communication.

Interrogatory 9. This interrogatory is a contention interrogatory, which asks the Lucas Parties to supply for each claim and each affirmative defense the following information: (1) a list of supporting facts; (2) a list of persons with knowledge of each listed supporting fact; and (3) a list of each document that relates to or evidences or refers to each fact. The court determines that sufficient discovery has been conducted to permit the Lucas Parties to answer this interrogatory. The narrative they supplied does not meet the question at all; there was no attempt to describe facts/witnesses/documents by claim or defense. The Lucas Parties must supplement their answer to Interrogatory 9. Their supplemental answer must be served within 21 days.

Interrogatory 11. (There was no interrogatory 10; the court did not skip it.) Interrogatory 11 asks the Lucas Parties to identify every legal citation or legal authority that supports each claim and each affirmative defense. The court will not require the Lucas Parties to provide a supplemental answer to this interrogatory. If the Britt Parties truly do not understand the nature of any particular claim or defense, they must formulate a better and more targeted interrogatory.

    2. Document Requests

As noted above, the Lucas Parties did not bother to search for documents to respond to the plaintiffs' document requests (other than expedited Request 8). It is apparent to the court that Mr. and Mrs. Lucas never reviewed these requests when they were searching for documents in connection with preparing their own claims, responding to the preliminary injunction motion, and providing documents in

8

response to Document Request 8 (which had been ordered on an expedited basis). Further, during the hearing on the plaintiffs' contempt motion, the court learned that the Lucas Parties have not produced invoices or other documents reflecting payments received from advertisers. Those sorts of documents fall squarely within several of the document requests, and the Lucas Parties' objection that payment information is not relevant could not be made in good faith. Their failure to produce these types of documents while interposing a baseless objection bolsters the court's finding that the Lucas Parties did not bother even to search for documents in an effort to respond to the document requests.

The court finds that the Lucas Parties' written responses and document production efforts in response to the plaintiffs' document requests are deficient. They must start over. Their supplemental responses and documents must be served within 21 days of the entry of this order. All objections are overruled except attorney-client privilege and work product objections. The court finds that document request 4 essentially seeks only those kinds of documents and thus the objection to request 4 is sustained. The court did not limit the temporal scope of request 8 other than for purposes of expedited discovery. The Lucas Parties must search for and produce documents responsive to request 8 for the period May 16, 2016, through the date the parties executed their agreed preliminary injunction.[6] In addition, at the same time they serve their supplemental responses and documents,

---

[6] The court does not rule that discovery of communications with customers/advertisers beyond this time frame is off-limits in this case, but that issue has not been meaningfully briefed.

they must file new declarations regarding their discovery efforts. Those declarations must provide the same information earlier requested by the court. *See* Dkt. 164 at ¶ 10.

## Conclusion

For the foregoing reasons, the court GRANTS the plaintiffs' motion (Dkt. 130) to compel and for sanctions. The Lucas Parties must supplement their discovery responses within 21 days as directed in this order. And to repeat, given the egregiousness of their discovery efforts to date, further failures by the Lucas Parties in complying with their discovery obligations could result in a default judgment. The court SANCTIONS the Lucas Parties because of the lateness and deficiency of their responses by requiring them to pay all attorney fees reasonably incurred by the plaintiffs in (a) communicating with the Lucas Parties about their responses (including obtaining them, reading or responding to requests for additional time, and communicating regarding deficiencies) and (b) filing and briefing their motion to compel at Dkt. 130.

Within 10 days of the entry of this order, the plaintiffs must make a demand on the Lucas Parties for these fees and must provide sufficient backup materials (such as diary entries, which may be redacted to the extent reasonably necessary) proving the attorney time spent on these matters. If, within 10 days thereafter, the Lucas Parties have not agreed to pay the demanded fees, then the plaintiffs may file a petition for the court to award them. Briefing of the petition is governed by Local Rule 7-1.

So ORDERED.

Dated: 4/26/17

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system