UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRITT INTERACTIVE LLC and TOWNEPOST NETWORK, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 1:16-cv-2884-TWP-DML ) |
| A3 MEDIA LLC, *et al.*, | ) ) |
| Defendants. vs. | ) ) ) |
| TOM BRITT, *et al.*, | ) ) |
| Third Party Defendants. | ) |

### Report and Recommendation on Britt Parties' <u>Motion for Default Judgment (Dkt. 210)</u>

Plaintiffs Britt Interactive, LLC and TownePost Network, Inc. and third-party defendants Tom Britt and Jeanne Britt (collectively, the "Britt Parties") move the court to enter a default judgment against the Lucas Parties (defendants/counterclaimants/third-party plaintiffs A3 Media LLC, Collective Publishing LLC, Yelena Lucas, and Neil Lucas) "on all remaining claims between the Britt Parties and the Lucas Parties" and to order the Lucas Parties (and their prior counsel, P. Adam Davis) to reimburse the Britt Parties for all attorney fees incurred to file their default motion and to review the Lucas Parties' supplemental document production.

The Britt Parties' motion for default judgment (Dkt. 210) was referred to this Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for a report and recommendation as to its appropriate disposition. As addressed below, the Magistrate Judge recommends that the District Judge DENY the motion.[1]

The Britt Parties seek default as a sanction under Rule 37 and/or the court's inherent power, and seek reimbursement of attorneys' fees against the Lucas Parties and Mr. Davis under Rule 37, the court's inherent power, and/or 28 U.S.C. § 1927 (which provides for monetary sanctions against a lawyer who "multiples the proceedings in any case unreasonably and vexatiously"). Their motion is based on the Lucas Parties' alleged failures to comply with the court's April 26, 2017 order (the "Discovery Order"). The Discovery Order granted a motion to compel with respect to certain interrogatories and document requests served by Britt Interactive and TownePost, awarded certain attorneys' fees to Britt Interactive and TownePost, and required the Lucas Parties to take certain actions to supplement discovery within 21 days. Dkt. 196. The court's Discovery Order also warned the Lucas Parties that further failures to comply with discovery obligations could result in a default judgment. *Id.* at p. 6.

The Magistrate Judge reports and recommends that the District Judge DENY the motion for default judgment, for the following reasons.

---

[1] The court DENIES as unnecessary the Lucas Parties' request (Dkt. 241) for oral argument on the motion for default judgment.

1.      The motion for default judgment is based on alleged deficiencies in the Lucas Parties' supplemental discovery that the court required in its Discovery Order. The Discovery Order was entered in favor of the plaintiffs based on deficiencies in the Lucas Parties' responses to the plaintiffs' discovery requests. The plaintiffs are Britt Interactive and TownePost. Mr. and Mrs. Britt are not plaintiffs (they are third-party defendants) and they had not served the discovery that was the subject of the court's order. Thus, there is no discovery order in favor of Mr. and Mrs. Britt, the disobedience of which could lead to any sanction against the Lucas Parties in their favor.

2.      The Britt Parties' motion for default judgment and the brief in support of it sandbagged the Lucas Parties. They filed their motion on May 22, 2017, before they even received the supplemental answers to interrogatories the court had ordered (the court granted an extension to June 30, 2017, to respond to the subject interrogatories 5, 7, and 9 (Dkt. 219)) and before they had reviewed all of the documents that the Lucas Parties produced as part of their supplemental responses. Their opening brief admits that "the undersigned counsel has not had an opportunity to review Defendants' document production in detail." It was only when they filed their reply brief that they made the bulk of their specific, substantive arguments. It is a basic principle that a court does not entertain facts and arguments made for the first time in a reply brief. *E.g., Darif v. Holder,* 739 F.3d 329, 336-37 (7th Cir. 2014) ("[A]rguments raised for the first time in a reply

3

brief are waived.") The court will not entertain these arguments on this motion for default judgment.

3. The Britt Parties complain that documents produced to them on the due date (May 17) required by the Discovery Order were initially produced via a "dummy" weblink sent by email by the Lucas Parties' then-counsel (P. Adam Davis) at 11:30 p.m., in an attempt to feign compliance with the May 17 deadline. The court does find it odd that plaintiffs' counsel received an email from Mr. Davis before midnight with a link they could not open. But the court also finds it problematic (and emblematic of this litigation to date) that the plaintiffs' counsel were staying up all night on May 17 to police whether the Lucas Parties would comply by midnight on May 17. They sent emails to Mr. Davis at 1:00 a.m. on May 18 about their inability to open the weblink and agree that Mr. Davis sent a new weblink at 1:23 a.m. on May 18 that they were able to open. It appears to the court that the plaintiffs' counsel were more interested in planning a sanctions/default motion than in obtaining and reviewing discovery.

4. The facts and analysis provided in the plaintiffs' opening brief seeking a default judgment do not establish appropriate grounds for the extraordinary sanction of default. A sanction under either Rule 37 or the court's inherent power must be proportional to the offense. *Maynard v. Nygren,* 372 F.3d 890, 893 (7th Cir. 2004) (for Rule 37 sanctions, the punishment should fit the crime); *Allen v. Chicago Transit Auth.,* 317 F.3d 696, 703 (7th Cir. 2003) (sanction under court's inherent power "should be proportioned to the gravity of the offense"). The court should

consider "the egregiousness of the conduct in question in relation to all aspects of the judicial process." *Dotson v. Bravo,* 321 F.3d 663, 667-68 (7th Cir. 2003) (internal quotation omitted).

5. Default is simply not appropriate to redress possible deficiencies with complying with a discovery order when the plaintiffs couldn't even wait to receive answers to interrogatories or to review all the documents before they moved for default. As noted above, it was not appropriate to wait until a reply brief to attempt to establish the "big picture." The plaintiffs forced themselves to do so by seeking default before they could articulate all their grounds for that kind of relief. Moreover, a request for default judgment—because of the extraordinary nature of the remedy—should be very specific about the ways in which the movant is prejudiced in prosecuting (or defending) claims by failures to comply with discovery requests and court orders and not only on the deficiencies in discovery. That said, the court takes very seriously a party's evasion of discovery orders, particularly where there is a history of discovery non-compliance, as there is here with the Lucas Parties.

6. To be clear, the Lucas Parties are not out of the woods. This denial of the Britt Parties' request for a default judgment is not a determination that the Lucas Parties' discovery responses fully comply with the Discovery Order. Indeed, it is evident that they do not. The court has found only that—at this point—the sanction of default is not appropriate. The court further warns that the cumulative effect of the Lucas Parties' discovery lapses will be taken into account if the court

must address further misconduct. In other words, the Lucas Parties do not proceed with a clean slate. It therefore behooves the Lucas Parties to ensure their discovery responses are complete. This order does not preclude future sanctions for lack of compliance with the Discovery Order.

A final comment: This case is nearly one year old. It currently has 256 docket entries. Yet it has no case management plan, and the legal and factual issues presented by the parties' pleadings may be no closer to resolution than they were when the case was filed. The court, in any event, has had little opportunity to engage on the merits of this case as defined by the pleadings. Instead, it has had to referee a multitude of maneuverings, side skirmishes, and gamesmanship that have taxed the resources of the parties and the court. The parties and their counsel must focus on: (1) providing complete and timely discovery; (2) presenting the merits of the claims and defenses for resolution; and (3) considering a productive resolution of their dispute rather than mutually assured destruction.

## Conclusion

For all the foregoing reasons, the Magistrate Judge reports and recommends that the District Judge DENY the Britt Parties' motion (Dkt. 210) for default judgment. Counsel are directed to confer and file a proposed case management plan by **September 1, 2017.**

Any objections to this report and recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file objections within fourteen days after service will constitute a waiver of subsequent review

absent a showing of good cause for that failure.  The parties should not anticipate *any* extension of this deadline or any other related briefing deadlines.

    IT IS SO RECOMMENDED.

Dated:  August 23, 2017

_____
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system