UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRITT INTERACTIVE LLC, and<br>TOWNEPOST NETWORK INC., | )<br>)<br>) |
| Plaintiffs and Counterclaim Defendants, | )<br>) |
| v. | ) Case No. 1:16-cv-02884-TWP-DML<br>) |
| A3 MEDIA LLC, COLLECTIVE<br>PUBLISHING LLC, YELENA LUCAS, NEIL<br>LUCAS, JANELLE MORRISON, CHILLY<br>PANDA MEDIA, LLC, DANN VELDKAMP,<br>and JODY VELDKAMP, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants, Counterclaimants and Third<br>Party Plaintiffs, | )<br>) |
| TOM BRITT, JEANNE BRITT, JOSHUA<br>BROWN, and TONI FOLZENLOGEL, | )<br>)<br>) |
| Third Party Defendants. | ) |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT

## AND RECOMMENDATION (DKT. 257)

This matter is before the Court on a Motion for Default Judgment filed by Plaintiffs, Britt Interactive, LLC and Townepost Network, Inc., and Third-Party Defendants, Tom Britt and Jeanne Britt (collectively, the "Britt Parties") (Filing No. 210). On August 23, 2017, the Magistrate Judge issued a Report and Recommendation, pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), that the Court deny the Britt Parties' Motion for Default Judgment against Defendants/Counterclaimants/Third-Party Plaintiffs, A3 Media LLC, Collective Publishing LLC, Yelena Lucas, and Neil Lucas (collectively, the "Lucas Parties") (Filing No. 257). Plaintiffs, Britt Interactive, LLC and Townepost Network, Inc., (collectively, the "Plaintiffs") objected to the Magistrate Judge's Report and Recommendation, contending that the Lucas Parties' continued

abuses of the discovery process warrant an entry of default judgment against them and that the Magistrate Judge's recommendation leaves the Britt Parties without any remedy for the Lucas Parties' clear discovery misconduct (Filing No. 261). For the following reasons, the Court **OVERRULES** the Plaintiffs' Objection and **ADOPTS** the Magistrate Judge's Report and Recommendation to deny the Britt Parties' Motion for Default Judgment.

### I. BACKGROUND

Plaintiffs initiated this action against the Lucas Parties on September 23, 2016, in Hamilton County, Indiana state court and alleged several claims, including breach of contract, tortious interference with contracts, and trademark infringement (Filing No. 3-2). On October, 24, 2016, the Lucas Parties removed this case to this Court based on federal question jurisdiction under the Lanham Act (Filing No. 3).

In light of several disputes that arose between the parties during the discovery process, the Britt Parties filed a Motion to Compel on January 27, 2017, requesting that the Court compel the Lucas Parties to provide substantive responses to the Plaintiffs' interrogatories and requests for production, and to reimburse the Britt Parties for attorneys' fees they incurred in connection to the Lucas Parties' discovery misconduct (Filing No. 130). On April 26, 2017, the Magistrate Judge issued an order granting the Britt Parties' Motion to Compel (the "Discovery Order") (Filing No. 196). Specifically, the Magistrate Judge found that the Lucas Parties had not made a sufficient effort to respond to the Plaintiffs' discovery requests and ordered the Lucas Parties to supplement their discovery responses by May 17, 2017 (Filing No. 196 at 3-10). The Magistrate Judge further required the Lucas Parties to pay the Plaintiffs' attorneys' fees incurred "in (a) communicating with the Lucas Parties about their [discovery] responses ... and (b) filing and briefing their motion to compel" (Filing No. 196 at 5-6).

In an effort to comply with the Discovery Order, the Lucas Parties sent a supplemental document production to the Britt Parties on the evening of May 17, 2017 ([Filing No. 211 at 5](#)). The Lucas Parties intended to deliver their supplemental document production by including a Google Docs weblink to their document production in an email to the Britt Parties' counsel; however, the Britt Parties were unable to open the weblink ([Filing No. 211 at 6-7](#)). The Britt Parties informed the Lucas Parties that they could not open the weblink at approximately 1:10 a.m. on May 18, 2017, and the Lucas Parties sent a new, functional weblink to their supplemental document production at approximately 1:23 a.m. that same morning ([Filing No. 211 at 7-8](#)).

Additionally, despite already delivering its supplemental document production, the Lucas Parties filed a Motion for Extension of Time on May 17, 2017, requesting a one-day extension to fully comply with the Discovery Order's requirements pertaining specifically to their interrogatory responses ([Filing No. 204](#)). On May 18, 2017, the Lucas Parties filed two amended motions for extensions of time ([Filing No. 205](#); [Filing No. 206](#)). In its first Amended Motion for Extension of Time to Comply with Court's Order on Motion to Compel, the Lucas Parties requested that they have until noon on May 18, 2017 to comply with the Discovery Order ([Filing No. 205](#)). Later that day, the Lucas Parties filed their Second Amended Motion for an Extension of Time to Comply with Court's Order on Motion to Compel and Motion to Withdraw Appearance, in which the Lucas Parties requested the Court (1) withdraw the appearance of their attorney, P. Adam Davis; (2) allow them thirty days to find new counsel; and (3) grant them a two-week extension starting the day their new counsel appears to comply with the Discovery Order ([Filing No. 206](#)).

Before the Court ruled on the Lucas Parties' motions for extensions of time, the Britt Parties filed their Motion for Default Judgment on May 22, 2017 ([Filing No. 210](#)). The Britt Parties asserted that default judgment against the Lucas Parties is appropriate pursuant to Federal Rule of

Civil Procedure 37 and the Court's inherent authority because the Lucas Parties participated in a pattern of discovery abuses and failed to comply with the Discovery Order ([Filing No. 210](#); [Filing No. 211 at 14-17](#)). The Britt Parties further argue that they are entitled to recover the attorneys' fees they incurred by reviewing the Lucas Parties' supplemental document production and filing their Motion for Default Judgment from the Lucas Parties ([Filing No. 211 at 18](#)).

On June 12, 2017, the Magistrate Judge granted the Lucas Parties' Second Amended Motion for an Extension of Time to Comply with Court's Order on Motion to Compel and Motion to Withdraw Appearance and allowed the Lucas Parties until June 30, 2017 to comply with the Discovery Order ([Filing No. 219](#)). The Lucas Parties opposed the Britt Parties' Motion for Default Judgment, claiming that they made a good faith attempt to comply with the Discovery Order, that they provided additional supplemental discovery responses since the Britt Parties filed their Motion for Default Judgment, and that default judgment is too severe a sanction in this instance ([Filing No. 240](#)). The Britt Parties further acknowledged that it received additional discovery responses from the Lucas Parties after filing its initial Motion for Default Judgment in their Reply in Support of their Motion for Default Judgment ([Filing No. 252 at 5](#)).

On August 23, 2017, the Magistrate Judge entered its Report and Recommendation regarding the Britt Parties' Motion for Default Judgment ([Filing No. 257](#)). In its Report and Recommendation, the Magistrate Judge advised the Court to deny the Britt Parties' Motion for Default Judgment because: (1) Third-Party Defendants, Tom Britt and Jeanne Britt, did not serve any discovery on the Lucas Parties that was subject to the Discovery Order; (2) the Britt Parties filed their Motion for Default Judgment before receiving and reviewing all of the Lucas Parties' supplemental discovery responses; and (3) default judgment is too extreme of a remedy for the Lucas Parties' non-compliance with the Discovery Order ([Filing No. 257](#)). The Britt Parties now

object to the Magistrate Judge's Report and Recommendation because the Lucas Parties have continuously abused the discovery process and because the Magistrate Judge acknowledged deficiencies in the Lucas Parties' discovery responses required by the Discovery Order but left the Britt Parties without any remedy to cure these deficiencies ([Filing No. 261](#)). The Lucas Parties oppose the Britt Parties' objection and argue that they have worked to provide sufficient responses to the Plaintiffs' discovery requests and that the Britt Parties have not been sufficiently prejudiced by any deficiencies in their discovery responses to warrant an entry of default judgment against them ([Filing No. 264](#)).

## II. LEGAL STANDARD

### A. Magistrate Review

A district court may assign dispositive motions to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any proposed findings of fact. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur*, 577 F.3d at 760. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3). After a magistrate judge makes a report and recommendation, either party may object within fourteen days. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Further, a judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.

**B.      Default Judgment under Federal Rule of Civil Procedure 37**

Pursuant to Federal Rule of Civil Procedure 37(b)(2), district courts have the power to impose appropriate sanctions for discovery violations. *e360 Insight, Inc. v. Spanhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011). Courts are given "wide latitude in fashioning appropriate sanctions," but the sanctions must be reasonable under the circumstances. *Id*. (internal quotations omitted). If a party fails to obey a court order to provide discovery, a court may enter "further just orders," such as "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A). Although there are no specific factors that a court must analyze to impose sanctions under Rule 37, courts generally consider the egregiousness of the conduct by evaluating "the frequency and magnitude of the party's failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit." *Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003) (internal quotation marks omitted); *see also*, *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003). Due to its extreme severity, default judgment is an appropriate sanction "only where there is a clear record of delay or contumacious conduct, where other less drastic sanctions have proven unavailing, or where a party displays willfulness, bad faith, or fault." *Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014) (internal citations and quotation marks omitted).

Additionally, "a court has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct." *Ramirez v. T&H Lemont, Inc*., 845 F.3d 772, 776 (7th Cir. 2016). "Any sanctions imposed pursuant to the court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith." *Id*. (citing *Chambers v. NASCO, Inc*., 501 U.S.

6

32, 46-50 (1991); *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015); *Trade Well Int'l v. United Cent. Bank*, 778 F.3d 620, 626 (7th Cir. 2015)). The Seventh Circuit "make[s] clear that it is a residual authority, to be exercised sparingly, to punish misconduct (1) occurring in the litigation itself …, and (2) not adequately dealt with by other rules." *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co., Inc.*, 313 F.3d 385, 391 (7th Cir. 2002).

To grant a default judgment pursuant to either Rule 37 or the court's inherent authority, the court must, "find that the responsible party acted or failed to act with a degree of culpability that exceeds simple inadvertence or mistake before it may choose dismissal as a sanction for discovery violations." *Ramirez*, 845 F.3d at 776. "[T]he facts underlying a district court's decision to dismiss the suit or enter a default judgment as a sanction under Rule 37 or the court's inherent authority need only be established by a preponderance of the evidence." *Id*. at 781.

### III. CONCLUSION

The Court agrees with the Magistrate Judge that the extreme sanction of default judgment is not warranted in this instance based on the facts surrounding the Lucas Parties' discovery misconduct. This is especially true because the Britt Parties moved for default judgment before the Court had the opportunity to rule on the Lucas Parties' motions for extensions of time and before they received all of the Lucas Parties' supplemental discovery responses pursuant to the Discovery Order. Therefore, pursuant to 28 U.S.C. § 636(b)(1), the Britt Parties' Objections to the Magistrate Judge's Report and Recommendation is **OVERRULED**, and the Court **ADOPTS** the Magistrate Judge's Report and Recommendation to deny the Britt Parties' Motion for Default Judgment. However, because the Magistrate Judge acknowledges that it was "evident" the Lucas Parties did not fully comply with the Discovery Order (Filing No. 257 at 5), the Court would

7

entertain a petition for attorney's fees from the Britt Parties in relation to their review of the Lucas Parties' supplemental discovery responses and their Motion for Default Judgment.

As stated in the Court's Order of February 14, 2018 (Filing No. 278), Defendants may refile their Motion to Dismiss All Counts Asserted by Plaintiffs.

**SO ORDERED.**

Date: 3/5/2018

*Tanya Walton Pratt*
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Josh F. Brown
LAW OFFICES OF JOSH F. BROWN, LLC
josh@indyfranchiselaw.com

Matthew M. Cree
LAW OFFICE OF MATTHEW M. CREE, LLC
matt@creelawoffice.com

Danford Royce Due
DUE DOYLE FANNING & ALDERFER LLP
ddue@duedoyle.com

E. Brenda Kpotufe
MATTINGLY BURKE COHEN & BIEDERMAN LLP
brenda.kpotufe@mbcblaw.com

Stephanie Maris
LAW OFFICE OF JOSH F BROWN
stephanie@indyfranchiselaw.com

Jonathan D. Mattingly
MATTINGLY BURKE COHEN & BIEDERMAN LLP
Jon.mattingly@mbcblaw.com