# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| BRITT INTERACTIVE LLC, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-02884-TWP-DML |
| ) | |
| A3 MEDIA LLC, *et al.* ) | |
| ) | |
| Defendants/Third-Party ) | |
| Plaintiffs. ) | |
| ) | |
| v. ) | |
| ) | |
| TOM BRITT, *et al.* ) | |
| ) | |
| Third-Party Defendants. ) | |

## ENTRY ON BRITT PARTIES' MOTION FOR CLARIFICATION

This matter is before the Court on the Britt Parties' Motion for Clarification (Filing No. 319), asking the Court for clarification regarding the procedural posture of a Motion to Dismiss filed at docket number 294 by Defendants/Third-Party Plaintiffs/Counter Claimants A3 Media LLC, Collective Publishing LLC, Yelena Lucas, and Neil Lucas (collectively "Lucas Parties" or "Defendants"). The Britt Parties seek clarification from the Court regarding the procedural posture of the Lucas Parties' Motion to Dismiss filed at docket number 294. They explain that they are unclear regarding the status of the Motion to Dismiss because the Lucas Parties filed a responsive pleading, their Answer with counterclaims and third-party claims, on November 18, 2016 (Filing No. 62), before they filed their Motion to Dismiss on May 15, 2018. The Britt Parties point out that a Rule 12(b)(6) motion to dismiss must be filed before a responsive pleading is filed, and thus,

they are unsure of the status of the Motion to Dismiss because it was filed after the responsive pleading.

The Britt Parties' uncertainty about the Motion to Dismiss also has caused them uncertainty regarding their obligation to answer the counterclaims and third-party claims pled in the Lucas Parties' Answer filed before the Motion to Dismiss. They explain, "As such, the Britt Parties have been operating under the impression that no Answer is due until the pending 12(b)(6) Motion to Dismiss has been resolved." ([Filing No. 319 at 3](#).) Furthermore, they note, "In the event the Britt Parties aforementioned assumption is not correct, the Britt Parties respectfully request leave to file their Answer to the Counterclaims within seven (7) days of the Court's order on this Motion." *Id.* at 4.

When confronting a procedural misstep identical to the one in this case, the Seventh Circuit explained, "We have held that a 12(b)(6) motion filed after an answer has been filed is to be treated as a 12(c) motion for judgment on the pleadings and can be evaluated under the same standard as a Rule 12(b)(6) motion." *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 757 n.1 (7th Cir. 2006). *See also Alioto v. Town of Lisbon*, 651 F.3d 715, 718 (7th Cir. 2011) ("The defendants styled them Rule 12(b)(6) motions, but in reality the motions were for judgment on the pleadings, Fed. R. Civ. P. 12(c), because the defendants filed answers. *See* Fed. R. Civ. P. 12(b) ('A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.'); Fed. R. Civ. P. 12(h)(2)(B) (a motion for failure to state a claim may be brought in a Rule 12(c) motion). The misstyling does not alter our analysis.").

In light of this controlling and directly applicable case law from the Seventh Circuit, the Court will not deny as untimely or strike from the record the Lucas Parties' Motion to Dismiss docketed at [Filing No. 294](#). Instead, the Court will treat the Motion as a Motion for Judgment on

the Pleadings under Rule 12(c). With this clarification provided to the parties, the Britt Parties are **granted leave to file their Answer** to the counterclaims and third-party claims pled in the Lucas Parties' Answer at [Filing No. 62](Filing No. 62) within **seven (7) days** of the Court's Order.

The pending Motion to Dismiss, now treated as a Motion for Judgment on the Pleadings, is fully briefed and ripe for the Court's ruling. Also pending before the Court are motions for partial summary judgment filed by the Britt Parties and the Lucas Parties ([Filing No. 335](Filing No. 335); [Filing No. 338](Filing No. 338)). These motions also are fully briefed and ripe for the Court's ruling. The Court will rule on these other motions in due course. The Britt Parties' Motion for Clarification ([Filing No. 319](Filing No. 319)) is **GRANTED**.

**SO ORDERED.**

Date: 2/5/2019

*Tanya Walton Pratt*
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Josh F. Brown
COHEN GARELICK & GLAZIER
josh@indyfranchiselaw.com

Danford Royce Due
DUE DOYLE FANNING & ALDERFER LLP
ddue@duedoyle.com

E. Brenda Kpotufe
MATTINGLY BURKE COHEN & BIEDERMAN LLP
brenda.kpotufe@mbcblaw.com

Charles J. Maiers
DUE DOYLE FANNING & ALDERFER LLP
cmaiers@duedoyle.com

Stephanie Maris
COHEN GARELICK & GLAZIER
stephanie@indyfranchiselaw.com

Jonathan D. Mattingly
MATTINGLY BURKE COHEN & BIEDERMAN LLP
Jon.mattingly@mbcblaw.com